

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2006

# In Re: Robert Porter

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3705

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"In Re: Robert Porter " (2006). 2006 Decisions. Paper 477.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/477

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-317                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3705
_____

IN RE:  ROBERT R. PORTER,
                                                                Petitioner
_____

On Petition for a Writ of Mandamus from the
United States District Court for the
Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 04-cv-01736)
_____

Submitted Under Rule 21, Fed. R. App. P.
August 24, 2006

Before: FUENTES, VAN ANTWERPEN AND CHAGARES, CIRCUIT JUDGES

(Filed:  September 6, 2006)

_____

OPINION
_____

PER CURIAM

Robert Porter has filed a mandamus petition pursuant to 28 U.S.C. § 1651, seeking

to compel the District Court for the Western District of Pennsylvania to issue an order

directing the assigned Magistrate Judge to rule on his motion for default judgment filed

pursuant to Fed. R. Civ. P. 72.  Porter further requests that the District Court be ordered to

allow him to proceed in forma pauperis.

Addressing Porter's requests in reverse order, we note our confusion with respect to petitioner's request that the District Court be ordered to grant him in forma pauperis status. The District Court granted petitioner such status for purposes of the underlying civil action in an order entered on January 18, 2006, and the Clerk of this Court granted his request of leave to proceed with this mandamus petition in forma pauperis by order filed August 11, 2006. Accordingly, it is obvious that the instant request is unnecessary and/or moot.

Mandamus relief with respect to the remainder of the request set forth in Porter's petition is likewise unwarranted. It appears that Porter's amended complaint was filed in the District Court on December 22, 2005. In an order entered on January 18, 2006, the Magistrate Judge to whom this case was assigned directed that the amended complaint be served on the named defendant. Defendant was to respond to Porter's amended complaint no later than March 27, 2006. Defendant's answer to the amended complaint, however, was not filed until March 31, 2006. On that same date, Porter filed a "Declaration for Entry of Default" against the defendant. The Magistrate Judge thereafter ordered the defendant to file a response to Porter's motion for default. That response was timely filed in the District Court on April 13, 2006, followed by petitioner's response on April 24, 2006. The motion for default remains pending at this time.

The writ of mandamus is an extraordinary remedy. To justify the Court's use of this remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ. Kerr v. United States District Court, 426 U.S. 394, 403 (1976);

2

DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). Although an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3rd Cir. 1996), the manner in which a court controls its docket is discretionary. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983). While Porter's motion for default has been pending in the District Court for approximately five months and is ripe for a ruling, we cannot conclude that the extent of delay in this case rises to the level of a denial of due process. See Madden v. Myers, 102 F.3d at 79. We are confident that the Magistrate Judge will issue a decision in a timely fashion.

To the extent that Porter has included in his petition arguments in support of his alleged entitlement to the entry of default judgment against defendant, such arguments should be presented to the District Court in the first instance and then on appeal to this Court after entry of a final order by the District Court should an adverse ruling be issued.

For the foregoing reasons, the petition for a writ of mandamus will be denied.